# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1876

_____

Jerry K. Latture,

        Plaintiff-Appellant,

    v.

Remington Arms Company, Inc., a
foreign corporation,

        Defendant-Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Arkansas.
\*
\* [UNPUBLISHED]
\*
\*
\*

_____

Submitted: January 13, 2000
Filed: February 4, 2000

_____

Before RICHARD S. ARNOLD, BRIGHT and HANSEN, Circuit Judges.

_____

PER CURIAM.

A jury found that defendant-appellee Remington Arms Company, Inc. ("Remington") did not violate the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (1994), when it offered one of its maintenance planners, plaintiff-appellant Jerry Latture, the option of leaving the company or accepting a lesser position for substantially less pay. On appeal, Latture challenges a series of evidentiary decisions made by the district court: Latture appeals the denial of his motion for a new trial based on insufficient evidence to support the verdict, the admission of evidence of

complaints about Latture's job performance, and the exclusion of various remarks made by employees of Remington, as well as evidence of the age of his eventual replacement.

We review a district court's admission, or exclusion, of evidence for a clear abuse of discretion. Spencer v. Stuart Hall Co., Inc., 173 F.3d 1124, 1130 (8th Cir. 1999); King v. Ahrens, 16 F.3d 265, 268 (8th Cir. 1994). In addition, we review a district court's denial of a motion for a new trial on grounds of insufficient evidence for clear abuse of discretion, and we reverse "only where there is an 'absolute absence of evidence' to support the jury's verdict." Porous Media Corp. v. Pall Corp., 173 F.3d 1109, 1123 (8th Cir. 1999) (quoting Pulla v. Amoco Oil Co., 72 F.3d 648, 657 (8th Cir. 1995). Upon a careful review of the record, we hold that the district court did not abuse its discretion in deciding any of the issues now raised on appeal. Furthermore, it is unlikely that different rulings on the admissibility of the evidence in question would have altered the outcome of the trial. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

–2–